## Commonwealth *v.* Clarke, Appellant.

Submitted March 15, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*John O. Cole* and *John W. Packel,* Assistant Defenders, and *Vincent J. Ziccardi,* Defender, for appellant.

*Stephen J. Margolin* and *Milton M. Stein,* Assistant District Attorneys, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY SPAULDING, J., June 22, 1971:

Appellant Calvin Clarke was arrested on April 23, 1970 and charged with carrying a concealed deadly

weapon. His motion to suppress was denied by the Honorable THOMAS REED of the Court of Common Pleas of Philadelphia. On September 7, 1970, he was found guilty by the Honorable MAURICE SPORKIN sitting without a jury. Post trial motions were denied and sentence was imposed. This appeal is from the ruling of Judge REED at the suppression hearing.

The circumstances leading to appellant's arrest were not, in our judgment, sufficient to establish probable cause for arrest under the standards enunciated in *Commonwealth v. Hicks,* 434 Pa. 153, 253 A. 2d 276 (1969).

The arresting officer had been cruising in a patrol car in the vicinity of 15th and Westmoreland Streets in North Philadelphia. Stopping at an intersection, the officer observed appellant talking in a pay telephone booth. Apparently after seeing the police car, appellant hung up the phone and began to "hurriedly" walk north on 15th Street. The officer observed a "bulge" in appellant's rear pocket and he subsequently detained, searched and arrested him.[1] He further testified that he did not see appellant committing any crime and that he had no information that a crime had been committed in that neighborhood.

In *Hicks,* supra, our Supreme Court held that in order for a precautionary search and seizure to be legitimate: ". . . there must first exist on the part of the police a reasonable belief that criminal activity is

---

[1] The officer described his actions as follows: "Q. You were in plain view of the defendant? A. Yes, about 10 feet away. Q. Go on. A. He saw us. He hung the phone up rather abruptly and started very hurriedly north on 15th Street close behind us. At this time I looked back at him on my side and I observed a bulge in his right rear pocket. I backed the police car up and I got out of the car and asked the defendant what the problem was. He stated that he had just been robbed. At this time I frisked him and felt what appeared to be a gun. We retrieved it. It was a gun. I placed him under arrest." (N.T. 5, 6.)

afoot and that the seized person is armed and dangerous. The police must prove that specific conduct of the seized person, observed by them, justified and made reasonable their belief that criminal activity was afoot and that the seized person was armed and dangerous. The instant record is devoid of such necessary proof. Hence, the seizure was not 'justified at its inception' and was violative of the Fourth Amendment. The evidence resulting therefrom should have been excluded." at p. 160.

In both *Hicks* and *Commonwealth v. Berrios,* 437 Pa. 338, 263 A. 2d 342 (1970), crimes had been committed within the vicinity of the arresting officer and the details reported to him. Further, each suspect fell somewhat within the general, albeit vague, description broadcast by the police radio. Nevertheless, in each of these cases, the convictions were reversed because the arrests were deemed unjustifiable at the outset. We believe there is less justification in the instant case for a precautionary search and seizure.

Here the police officer admitted observing nothing that would give rise to the "reasonable belief that criminal activity is afoot and that the seized person is armed and dangerous". The officer was not even investigating a reported crime and neither appellant's hurried exit from the telephone booth nor the "bulge" in his pocket were of themselves sufficient to establish probable cause. Further, we do not believe that these factors, taken together, warranted either the inference that appellant had committed or was in the process of committing a crime.

The search of appellant was unlawful and the fruits of this search should not have been admitted into evidence.

The judgment of sentence is vacated and appellant is granted a new trial.

WRIGHT, P. J., and WATKINS, J., would affirm on the opinion of Judge SPORKIN of the court below.