Commonwealth *v.* Santiago, Appellant.

Argued June 22, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*David Weinstein,* with him *Weinstein & Bobrin,* for appellant.

*Milton M. Stein,* Assistant District Attorney, with him *J. Bruce McKissock,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY JACOBS, J., November 11, 1971:

At 6:20 on the evening of June 10, 1970, appellant was walking on Green Street, Philadelphia, carrying

two small packets: one silver colored and the other dull in color. Officer Kane of the Philadelphia Police Department, who was patrolling the area, noticed appellant. Although not a member of the narcotics squad, the officer knew appellant and knew that he had been arrested several times on narcotics charges even though he had never been convicted of those charges.

Officer Kane called appellant's name and told him to come over to the patrol car which was parked along the curb. Instead of obeying his command, appellant turned and ran. Kane chased him and finally caught him as he was attempting to climb a fence. The officer pulled him off the fence and as he did so a silver-foil packet fell to the ground. A second packet was found in appellant's hand.[1] Appellant was arrested and charged with felonious possession of narcotic drugs. Upon analysis, heroin was found in small glazed bags contained in the packets.

Prior to trial, appellant filed a motion to suppress the evidence which had been seized. The motion was denied and appellant was later found guilty of possession of narcotic drugs.[2] Post-trial motions were also denied and he was sentenced. His sole contention in this appeal is that there was no probable cause for his arrest and thus the search made pursuant to this arrest was unlawful. The Commonwealth concedes that the police actions constituted a search, but contends that there was

[1] The appellant testified before the lower court that he had no narcotics in his possession, and that he was badly beaten by the police. This testimony was supported by another defense witness, a disinterested third party, who testified that she saw the police beating the appellant and heard the police state that he had no narcotics in his possession. The lower court chose not to believe this testimony and believed the police version. We, of course, are bound by this finding of fact.

[2] The suppression hearing was held before a judge other than the Trial Judge.

probable cause for the arrest and that, therefore, the search was lawful.

In order for this warrantless search to be lawful it must have been made pursuant to a lawful arrest. *Commonwealth v. Hicks*, 434 Pa. 153, 253 A.2d 276 (1969). A warrantless arrest for a felony, as occurred in this case, must be based on probable cause: "This means that 'the facts and circumstances within their [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient in themselves to warrant a man of reasonable caution in believing that the suspect had committed or is committing a crime'. . . ." *Commonwealth v. Marino*, 435 Pa. 245, 252, 255 A.2d 911, 915 (1969), *cert. denied*, 397 U.S. 1077 (1970).

In the present case, there are only three factors which could constitute probable cause: (1) appellant had a silver-foil packet and a dull-colored packet in his hand; (2) appellant had previously been arrested, although never convicted, for possession of narcotics; (3) appellant fled when he was summoned by the police officer. The fact that a man, who had never been found guilty of a narcotics offense, is walking on a public street in broad daylight with two small packets in his hand would not lead to a conclusion that he was in possession of narcotics. Even to an experienced police officer, such circumstances would not be an indication that a crime was being committed. Any suspicions which would arise from these facts amount to a mere surmise.

The Commonwealth urges that even if this does not constitute probable cause the subsequent flight created valid grounds for the arrest. The Court in *United States v. Margeson*, 259 F. Supp. 256 (E.D. Pa. 1966), considered the question of whether flight could constitute probable cause and stated: "Flight, coupled with other factors, such as knowledge of the defendant's prior

criminal record or the sight of contraband or screams for help or reliable information that defendant had attempted to commit or had committed a crime, may be strong indication that there is something that those fleeing wish to hide from the police and may constitute probable cause for arrest. . . . However, *flight, in and of itself, is not sufficient to constitute probable cause for otherwise anyone, who does not desire to talk to the police and who either walks or runs away would always be subject to a legal arrest.* Such a procedure cannot be countenanced under the Fourth and Fourteenth Amendments as presently interpreted by the Supreme Court." (Emphasis added.) *Id.* at 265. See also, *Commonwealth v. Clarke,* 219 Pa. Superior Ct. 340, 280 A. 2d 662 (1971). We agree that flight alone does not constitute probable cause, and are of the opinion that in this case there were no factors coupled with flight which might have constituted probable cause for arrest. Appellant had no prior narcotics convictions nor was contraband visible. The evidence should have been suppressed.

Judgment of sentence reversed and a new trial granted.

WRIGHT, P.J., and WATKINS and MONTGOMERY, JJ., dissent.