## Commonwealth v. Thompson

*David G. Brightbill, Assistant District Attorney,* for Commonwealth.
*Allen H. Krause,* for defendant.

GATES, *P. J.,* July 7, 1975—We have before us defendant's pretrial application to suppress evidence which defendant alleges was obtained as a

result of an unconstitutional search of his person. For reasons which follow we agree.

In the early morning hours of November 14, 1974, Troopers Stabs and Zubritski of the Pennsylvania State Police, while on patrol, were directed by radio to investigate an alleged hit-and-run accident in Cornwall Borough, Lebanon County, Pa. In responding to the call, they observed a vehicle fitting the description furnished them by radio. The vehicle was parked alongside of the road on Pennsylvania Route 117 near Route 72 in Cornwall Borough. The car was extensively damaged.

The officers approached the vehicle and observed two youths standing outside of the car. One was defendant Thompson and the other was a young man named Yeager. A Mr. Wagner was behind the wheel of the automobile at that time. He was asked to alight by Trooper Zubritski, who put him in the patrol vehicle and questioned him.

Trooper Stabs began interrogating defendant Thompson and asked for identification. He said that he had no identification with him. The trooper then searched his person for identification and for weapons. The trooper put his hand in Thompson's left coat pocket where he found two pipes and a vial of marijuana. As a result, the trooper charged defendant with a violation of the Controlled Substance, Drug, Device and Cosmetic Act. It is these items of evidence defendant seeks to have suppressed.

It is perfectly clear that probable cause did not exist for Thompson's arrest. At the time of the search, all evidence indicated that there was probable cause to arrest Wagner, who was at that point seated behind the wheel, and Thompson and Yeager were outside of the car. However, the

Commonwealth attempts to justify the officer's actions in searching Thompson's person as a "stop and frisk" under Terry v. Ohio, 392 U.S. 1 (1968). Such an assertion is without merit.

Pennsylvania has adhered to the Terry test. Under the holding of that case a "stop and frisk" is constitutionally permissible only ". . . where a police officer observes unusual conduct which leads him reasonably to conclude in light of his experience that criminal activity may be afoot and that the persons with whom he is dealing may be armed and presently dangerous, where in the course of investigating this behavior he identifies himself as a policeman and makes reasonable inquiries, and where nothing in the initial stages of the encounter serves to dispel his reasonable fear for his own or others' safety, . . .": Terry v. Ohio supra (p. 30). See also Commonwealth v. Pollard, 450 Pa. 138 (1973); Commonwealth v. Berrios, 437 Pa. 338 (1970); Commonwealth v. Hicks, 434 Pa. 153 (1969); Commonwealth v. Clarke, 219 Pa. Superior Ct. 340 (1971).

The Pennsylvania Supreme Court, in Commonwealth v. Pegram, 450 Pa. 590 (1973), noted that a pat-down search is justified only when a reasonably prudent person in the circumstances would be warranted in the belief that his safety or that of others was in danger. In other words, the sole justification for such a search is the protection of the police officer or others nearby. Moreover, the arresting officer must be able to point to particular facts from which he reasonably inferred that the individual was armed and dangerous.

The record in this case does not disclose facts sufficient to meet these constitutionally required standards. In the present case the officers were

investigating a hit-and-run accident case. Hit-and-run defendants are rarely armed or dangerous. Quite to the contrary, they are ordinarily either intoxicated or scared or both. At the scene of the accident, none of the three men in the vehicle did anything which would lead anyone to conclude that they were armed or dangerous or that they were about to commit some crime. The mere fact that defendant denied having any identification on his person did not justify the police officer in searching his person for identification. It was a warrantless search, nonincidental to an arrest and, by constitutional standards at least, impermissible. Thus the evidence must be suppressed.

## ORDER

And now, July 7, 1975, defendant's application to suppress is granted.