389 A.2d 668

COMMONWEALTH of Pennsylvania

v.

**Tyrone NORRIS, Appellant.**

Superior Court of Pennsylvania.

Argued March 21, 1977.

Decided July 12, 1978.

Carol E. Haltrecht, Assistant Public Defender, with her John R. Merrick, Public Defender, Kennett Square, for appellant.

James Crawford, with him John H. Wollman, Assistant District Attorney, West Chester, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

Appellant Tyrone Norris argues on appeal that the lower court erred in granting the Commonwealth two extensions of time for commencing trial. This issue was raised by appellant in post-trial motions; however, the judge who heard argument on the post-trial motions (a judge other than the ones who had granted the Commonwealth two extensions of time) did not consider the issue. The judge instead stated in his opinion (filed pursuant to Pa.R.A.P. 1925(a)): "It was determined in those rulings [referring to the orders granting the extensions] that those applications were filed timely and that the Commonwealth had exercised the diligence that was due. We do not see reason here to reconsider those rulings."

Pa.R.A.P. 1925(a) requires the judge who issues an order granting or denying post-trial motions to file "a brief statement, in the form of an opinion", setting forth the reasons for granting or denying the motions. Alternatively, the judge may specify in writing the place in the record where his reasons may be found. The judge may not simply defer to earlier rulings of other judges and decline to consider a particular issue. This would defeat the purpose of post-trial motions, which is to give the lower court an opportunity to correct errors and avoid unnecessary appeals.

Pa. Rule of Criminal Procedure 1123(e) provides that a trial judge sitting alone who hears post-trial motions may make any rulings that could be made by a court en banc. Since the court en banc has the power to reverse prior lower court rulings on issues properly before it, *Commonwealth v. Bonser*, 215 Pa.Super. 452, 258 A.2d 675 (1969), *allocatur refused*, a judge hearing post-trial motions can and should reverse erroneous prior rulings.

██ This case is remanded in order to permit the lower court to consider the issue not previously considered by it on post-trial motions, namely, whether the Commonwealth should have been granted two extensions of time for commencing trial. If it is determined below that the extensions of time or either of them were improperly granted, then the judgment of sentence shall be vacated and the appellant discharged. If on the other hand it is determined that the extensions of time for trial were properly granted to the Commonwealth, then the judgment of sentence shall be affirmed. Following the decision of the court below either party may appeal to our court.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.