396 A.2d 736

**COMMONWEALTH of Pennsylvania**

v.

**David YOUNG, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 29, 1977.

Decided Dec. 29, 1978.

Donald G. Joel, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Com., appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

Appellant David Young was arrested on October 4, 1975, charged with rape, loitering and prowling, burglary, and theft. Two continuances or extensions were apparently granted, although there is no mention of them in the record supplied to our Court.[1] If no extensions or continuances

---

1. The opinion of the trial court states that the matter "had been continued several times, twice due to the failure of the complainant

were granted, trial would have been required by April 2, 1976, under Rule of Criminal Procedure 1100. On April 13, 1976, appellant filed an Application for Dismissal of Charges, In Forma Pauperis, alleging that the time prescribed for trial had expired, that the attorney for the Commonwealth had not applied for an extension of time for trial, and that neither appellant nor his attorney had contributed to any delay in the proceedings. Although appellant alleges that the application was denied and the time for trial was extended, we have no official record of this.[2] Trial was held on May 6, 1976, before a judge sitting without a jury, and appellant was found guilty. Post-trial motions raising the Rule 1100 issue (along with other issues) were filed on May 11, 1976, and were denied on June 15, 1976, at which time appellant was sentenced to serve a term of three to seven years imprisonment. Direct appeal was then taken to our court.

Appellant argues that the trial court erred in refusing to grant his Rule 1100 application to dismiss, and that if appellant's counsel waived appellant's Rule 1100 rights, then counsel was ineffective. We find that the incomplete record precludes us from ruling on the merits of appellant's arguments. In addition, we note that the lower court opinion does not discuss appellant's Rule 1100 argument. See *Commonwealth v. Norris*, 256 Pa.Super. 196, 389 A.2d 668 (1978).

We therefore remand this case to the lower court for consideration of appellant's Rule 1100 arguments, and the reasons for its decision with respect thereto. If the lower

to appear, once due to the unavailability of a defense witness, and once because the Public Defender was ill." No dates are mentioned in the opinion.

**2.** The opinion of the trial court indicates that a Motion to Dismiss pursuant to Rule 1100 was denied by a different judge at a hearing held on April 26, 1976. The notes of testimony of an April 26, 1976 hearing supplied to our court do not contain any mention of a Rule 1100 motion to dismiss, but deal solely with an application to suppress evidence. In addition, our copy of the docket entries does not reflect the denial of a Rule 1100 petition to dismiss.

court finds that appellant's Rule 1100 argument is meritorious, then the court should discharge appellant. The Commonwealth may appeal to our Court from such an Order. If the lower court finds no merit to appellant's Rule 1100 argument, appellant may appeal to our Court from such Order, and may at that time raise his argument of ineffective counsel.

PRICE, J., joins in this opinion and files a concurring statement.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.

PRICE, Judge, concurring:

I agree with the majority that this appeal raises a question under Pa.R.Crim.P. 1100 that cannot be resolved on this record, and therefore, join the opinion of Judge Van der Voort for the majority.

I wish to add, however, a word of warning. *Commonwealth v. Shelton*, 469 Pa. 8, 364 A.2d 694 (1976), and *Commonwealth v. Mayfield*, 469 Pa. 214, 364 A.2d 1345 (1976), were decided on October 8, 1976. To cite the cases from this Court since that time dealing with the specific problem faced in this appeal would serve no purpose. It is enough to say they are numerous. The time will soon arise when the records before us will post-date October 8, 1976, and must be dealt with accordingly.

Speaking for myself, I see no excuse *at any time* for such a woefully inadequate record as is before us on this appeal. The majority's recitation could be enlarged upon, but clearly demonstrates my point. And such a problem post-October 8, 1976, will, in my opinion, require a reversal of a judgment of sentence and discharge.