421 A.2d 710

COMMONWEALTH of Pennsylvania

v.

Joseph J. WASIUTA, Appellant.

Superior Court of Pennsylvania.

Argued March 19, 1980.

Filed Aug. 29, 1980.

Jeffrey Staniels, Assistant Public Defender, Philadelphia, for appellant.

Victor M. Fortuno, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before HESTER, WICKERSHAM and LIPEZ, JJ.

LIPEZ, Judge:

Appellant was convicted, after a non–jury trial, of theft by receiving stolen property.[1] We agree with his contention that the court below erred in refusing to suppress certain evidence adduced at trial, and reverse.

The record shows the facts as follows:

On November 6, 1978, two police officers drove, in their patrol wagon, to an intersection in Philadelphia in order to investigate a police radio call reporting a disorderly crowd. When they arrived, they observed appellant standing on the

1. 18 Pa. C.S. § 3925.

sidewalk displaying an object to a small group of men. One of the officers thought that the object was a gun. Upon seeing the officers, appellant placed the object inside the waistband of his trousers and walked quickly away from them. The policemen caught up with him, grabbed his arm, reached into the top of his trousers and retrieved the object. It was, thereupon, immediately apparent that the object was not a gun, but rather a camera. The camera had been stolen earlier that day in a burglary of which the officers had no knowledge whatever. The record shows that, at this point, one of the officers asked appellant what he was doing with the camera and where he had obtained it,[2] and appellant made a statement in response to the questions. Appellant was then taken into custody. The officers learned only after they had taken appellant to the police station that the camera had been reported stolen.

Appellant now argues that since, at the time the camera was found in appellant's possession, the officers had no knowledge or even reasonable suspicion that appellant's possession of it was related to criminal activity, his arrest was illegal and the camera should have been suppressed. We agree and reverse.

▮ In the court below, Halbert, J., appellant moved for suppression of the camera and the statement. The statement was suppressed, but the camera was not. Neither side appealed this order, and the Commonwealth made no attempt to introduce the statement at trial; it is, therefore,

---

2. While the arresting officer testified at trial that he could not recall whether appellant had made the statement voluntarily or in response to police questions, the same officer testified unequivocally at the preliminary hearing that the policemen had in fact questioned appellant after discovering the camera:

OFFICER KELLY: He was walking away and sticking down his pants what appeared to me to be a gun in a holster. We then stopped him and frisked him and found this. We asked him what he was doing with it, he said nothing, he said he just bought it.

Q. And then what happened?
A. We asked him where he got it, he said—he told me that he just bought it off some dude on Market Street and it was stolen, that's what he told me.

irrelevant to consideration of this appeal, and we shall not perpetuate the needless confusion engendered by the lengthy but gratuitous discussion of this non–issue engaged in (beginning with post–verdict motions) by appellant, the Commonwealth and the trial court. A court may not support an adjudication of guilt with evidence not part of the trial record.[3]

■ With regard to the suppression court's refusal to exclude the camera,

[o]ur function on review is to determine whether the record supports the suppression court's factual findings and the legitimacy of the inferences and legal conclusions drawn from those findings. In making this determination, we consider only the evidence of the prosecution's witnesses and so much of the evidence for the defense as, fairly read in the context of the record as a whole, remains uncontradicted.

*Commonwealth v. Hunt,* 280 Pa.Super. 205 at 207, 421 A.2d 684 at 685 (1980), citing *Commonwealth v. Kichline,* 468 Pa. 265, 280–81, 361 A.2d 282, 290 (1976).

■ The Commonwealth maintains that the police officers, having discovered the camera during a limited search of the type held not unreasonable by the Supreme Court of the United States in *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), were given probable cause to seize it after appellant, in response to their questions, made the statement adverted to above. This argument misapprehends the purpose of a *"Terry"* search, the legal meaning of "seize" in Fourth Amendment cases, and the purpose of the Constitution's requirement of probable cause.

3. The post–verdict motions court, Wallace, J., purported to overrule Judge Halbert's order suppressing the statement. Although a court, in certain circumstances, may take such action at this stage, *see Commonwealth v. Norris,* 256 Pa.Super. 196, 389 A.2d 668 (1978); *Commonwealth v. Bonser,* 215 Pa.Super. 452, 258 A.2d 675 (1969); Pa.R.Crim.P. 1123(e), there was no basis for such action in the instant case because the Commonwealth had not introduced the statement at trial. The lower court's consideration of that statement in connection with post–verdict motions was improper.

The "seizure" of the camera was complete when the police officer grasped it and removed it from appellant's pants. We must, therefore, determine whether the police had any legal basis for the seizure at that time.

It is clear that the search and seizure were without probable cause. The facts of *Commonwealth v. Santiago,* 220 Pa.Super. 111, 283 A.2d 709 (1971) are instructive:

> At 6:20 on the evening of June 10, 1970, appellant was walking on Green Street, Philadelphia, carrying two small packets: one silver–colored and the other dull in color. Officer Kane of the Philadelphia Police Department who was patrolling the area, noticed appellant. Although not a member of the narcotics squad, the officer knew appellant and knew that he had been arrested several times on narcotics charges even though he had never been convicted of those charges.
>
> Officer Kane called appellant's name and told him to come over to the patrol car which was parked along the curb. Instead of obeying his command, appellant turned and ran. Kane chased him and finally caught him as he was trying to climb a fence. The officer pulled him off the fence and as he did so a silver–foil packet fell to the ground. A second packet was found in appellant's hand. Appellant was arrested and charged with felonious possession of narcotics drugs. Upon analysis, heroin was found in small glazed bags contained in the packets.

220 Pa.Super. at 112–13; 283 A.2d at 710. Santiago was convicted. On appeal, this court held:

> We agree that flight alone does not constitute probable cause, and are of the opinion that in this case there were no factors coupled with flight which might have constituted probable cause for arrest. Appellant had no prior narcotics convictions *nor was contraband visible.* The evidence should have been suppressed.

220 Pa.Super. at 115, 283 A.2d at 711 (emphasis added). *A fortiori,* in the case before us, once it was discovered that appellant had in his possession not a gun but a camera, there

were no circumstances coupled with appellant's flight which constituted probable cause for arrest.[4]

■ Since the evidence does not show that the officer's suspicion that appellant was in possession of a gun was unreasonable, the officer's search of appellant in order to determine the nature of the object which appellant had placed beneath the waistband of his trousers was justifiable. *See Sibron v. New York,* 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968); *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). However, such a search, grounded as it is in less than probable cause, is quite narrowly restricted. The Supreme Court of Pennsylvania has aptly stated the applicable law:

In enunciating the test to be applied, the United States Supreme Court in *Terry* held that a "stop and frisk" is constitutionally permissible *only "... where a police officer observes unusual conduct which leads him reasonably to conclude in the light of his experience that criminal activity may be afoot and that the persons with whom he is dealing may be armed and presently dangerous, where in the course of investigating this behavior he identifies himself as a policeman and makes reasonable inquiries, and where nothing in the initial stages of the encounter serves to dispel his reasonable fear for his own or others' safety, ..."* *Terry,* supra [392 U.S.] at 30, 88 S.Ct. at 1884 (emphasis added). See also *Commonwealth v. Pollard,* 450 Pa. 138, 299 A.2d 233 (1973); *Commonwealth v. Berrios,* 437 Pa. 338, 263 A.2d 342 (1970); *Commonwealth v. Hicks,* 434 Pa. 153, 253 A.2d 276 (1969); *Commonwealth v. Clarke,* 219 Pa.Super. 340, 280 A.2d 662 (1971).

As this Court noted in *Commonwealth v. Berrios,* supra: *"A search on this ground is justified only when 'a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger': Terry v. Ohio,* supra [392 U.S.] at 27, 88 S.Ct. at

4. The respective facts and holdings of *Commonwealth v. Jeffries,* 454 Pa. 320, 311 A.2d 914 (1973) and *Commonwealth v. Hunt,* 280 Pa.Super. 205, 421 A.2d 684 (1980), are similar.

1883. *In other words, the sole justification for such a search is the protection of the police officer or others nearby. Moreover, the arresting officer must be able 'to point to particular facts from which he reasonably inferred that the individual was armed and dangerous.' Sibron v. New York, 392 U.S. 40, 64, 88 S.Ct. 1889, 1903 (1968). Good faith on the part of the officer, in itself is not enough: Terry v. Ohio, supra, n. 3, 437 Pa. at 341, 263 A.2d at 343 (emphasis added).*

Commonwealth v. Hunt, 280 Pa.Super. at 212, 421 A.2d at 687, supra, *quoting Commonwealth v. Pegram,* 450 Pa. 590, 594–95, 301 A.2d 695, 697–98 (1973).

In the instant case, when the officers discovered that what they had thought was a gun was actually a camera, their fear for their safety or that of others evaporated, and they had no further reason to continue the search or to hold appellant. Appellant's statements may not be relied upon.

The Commonwealth's reliance upon *Commonwealth v. Galadyna,* 248 Pa.Super. 226, 375 A.2d 69 (1977), is misplaced. In that case, the arresting officers were aware of considerably more in the way of facts leading reasonably to an inference of criminal activity than the mere flight of appellant in the instant case. *See* 248 Pa.Super. at 231–32, 375 A.2d at 71.

We hold that, because the police had no probable cause to believe that appellant's possession of the camera was connected with any criminal activity on his part, the court below erred in refusing to suppress it.

Judgment of sentence reversed, and the cause remanded for new trial.

WICKERSHAM, J., files a dissenting statement.

WICKERSHAM, Judge, dissenting:

I dissent.

I would affirm the judgment of sentence on the opinion of the learned trial judge, the Honorable Michael E. Wallace.