Commonwealth, Appellant, *v.* DeJesus.

Argued June 12, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and SPAETH, JJ.

*Robert S. Gawthrop,* III, Assistant District Attorney, with him *William H. Lamb,* District Attorney, for Commonwealth, appellant.

*John R. Merrick,* Public Defender, for appellee.

OPINION BY WATKINS, J., September 19, 1973:

This is an appeal from the order of the Court of Common Pleas, Criminal Division, of Chester County suppressing the evidence after an indictment of the defendant-appellee, Enrique DeJesus, for violation of the Uniform Firearms Act. The Commonwealth cannot prove a case without the suppressed evidence and this appeal by the Commonwealth followed.

The facts are as follows: On September 23, 1972, at approximately 12 midnight, the Chief of Police of Avondale Borough was on patrol when he was approached at a gasoline station lot by a car occupied by young people. The spokesman for the group, Chet Munson, Jr., a resident of Avondale but unknown to the officer, complained of a vehicle that was following them closely and trying to drive them off the road. The car complained of was parked in the same lot about fifty (50) feet from the Munson vehicle.

The officer approached the parked car in the company of a fellow officer and flashed his light into the window as he was approaching the car some distance away. The flashlight disclosed two occupants in the car moving about as if they were trying to hide something and "scrooching down" so that they could not be seen. The officer continued to approach the car still flashing his light and asked the driver to get out and show his cards. The officer beamed his light into the

car and from his position outside of the car saw something shiny which he reached in and removed. It was an unregistered, fully loaded revolver.

The court below suppressed the evidence on the theory that the police officer did not have the right to position himself outside the parked car where the flashlight disclosed the revolver. He relied heavily on the recent case of *Commonwealth v. Swanger,* 453 Pa. 107, 307 A. 2d 875 (1973). This case was reargued before the Supreme Court and reaffirmed in an opinion by Mr. Justice EAGEN, adopted and filed on July 2, 1973.

In the *Swanger* case, supra, the stopping of the car was without any reason except a "routine check" by the officer and the court held that: "It is axiomatic, however, that only *unreasonable* seizures are proscribed by the Fourth Amendment. Therefore, appellant's 'seizure' would not be constitutionally impermissible if it could be shown that it was reasonable."

The Court further said that: "The crux of our decision that a stop of a single vehicle is unreasonable where there is no outward sign the vehicle or the operator are in violation of the Motor Vehicle Code, goes to the Commonwealth's argument the police need no justification to stop the vehicle. We rule before the government may single out one automobile to stop, there must be specific facts justifying this intrusion. To hold otherwise would be to give the police absolute, unreviewable discretion and authority to intrude into an individual's life for no cause whatsoever."

However, the instant case does not involve the stopping of a vehicle for a "routine check". A citizen in a parked car complained to the police about a vehicle already voluntarily parked in the same lot fifty (50) feet away, for following his car for some miles closely and attempting to force the car off the road. As the officer testified, the complainant said: "He tried to bump me

in the rear and come along side as if to push him off the road." There is no question in this case at all of stopping a car with or without reason. The complaint by the citizen clearly makes out probable cause for the officer to proceed further in the investigation of a probable violation of the Criminal Code or The Vehicle Code.

The court below characterized the actions of the defendant in his findings of fact as follows: "6. The occupants of that car were observed moving around in the seats in a suspicious manner."

But the court went on to find: "Under all the circumstances the Commonwealth cannot find protection in the doctrine of plain view, since the officer did not have the right to be in the position that was required to afford the opportunity for plain view." Under such an interpretation a police officer has no right or duty to even approach a parked automobile even after receiving a complaint from a citizen alleging violation of the law. The vehicle was already voluntarily parked and the officer had been supplied with evidence by a citizen-complainant seeking the protection of the law. The complaint would indicate a crime had been committed or at least there was a violation of The Vehicle Code. Certainly, the complaint of Munson gave the officer the duty to at least approach the car and question the driver and this placed him in the position to view the weapon.

The complaint of Munson tied in with the suspicious conduct of the occupants is clearly sufficient and reasonable cause to approach the car and examine the occupants. We agree with the statement of the District Attorney that: "It is urged that under those circumstances to find that the officer had no right to place himself in a position next to the car, where he could see therein, is not only contrary to the law, but dan-

gerously thwarts the legitimate and reasonable efforts of the police to perform their duties."

The absence of a warrant in this case is not material, as a search was not made. It is not the issue here because there was probable cause to examine the driver and the revolver was not secured by search but was in plain view of the officer. However, a warrant is not needed for an automobile search provided there is probable cause. *Chambers v. Maroney,* 399 U.S. 42, 26 L. Ed. 2d 419, 90 S. Ct. 1975 (1970). As we have indicated, the statement of the complainant and the suspicious movements of the occupants of the car provided probable cause in this case.

Further, since the observation by the officer was for the purpose of ascertaining whether the car contained a weapon of any kind after the suspicious actions of the defendant, the officer would have the right to frisk for his own protection. *Terry v. Ohio,* 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868 (1968). As the officer testified : "Q. And before you physically entered the car, had you seen the object inside before you physically entered the car? A. Yes, I pointed the light from outside because I was looking to see—when he got out of the car, I wanted to see if he had anything on his lap or anything because—Q. Anything of what sort? A. Any weapon or object he might hit me in the head with."

But the decision of the court below was clearly based upon the opinion that the plain view doctrine did not apply because the officer had no right to be where he was to make the observation. The Fourth Amendment does not require a policeman who lacks the precise level of information necessary for probable cause to arrest to simply shrug his shoulders and allow a crime to occur or a criminal to escape. *Adams v. Williams,* 407 U.S. 143, 32 L. Ed. 2d 612, 92 S. Ct. 1921

(1972). In that case it was held that a police officer's actions in seizing a loaded revolver constituted a limited intrusion designed to insure his safety and is not unreasonable and therefore the revolver is admissible at the criminal trial of the person from whom it was seized. The officer had information concerning a car that was alleged to contain narcotics. The car was parked. Relying on the information, the officer approached the car, tapped on the window and asked the occupant to open the door. The officer reached into the car and removed from the occupant's waist belt a loaded revolver which had been visible from outside the car. In the instant case, the revolver in question was in plain view of the officer.

In the instant case also, the police officer had reasonable cause to place himself at the car to examine the driver and as it was at night and dark, the flashlight observation of the interior of the car was proper. See, *Williams v. United States of America*, 404 F. 2d 493 (5th Cir. 1968). Under the circumstances of this case, *Commonwealth v. Swanger*, supra, is inapposite and the court below erred in suppressing the evidence.

Order of the court below is reversed.