378 A.2d 484

COMMONWEALTH of Pennsylvania

v.

Gerald KELLY, Appellant.

Superior Court of Pennsylvania.

Submitted Sept. 13, 1976.

Decided Oct. 6, 1977.

John W. Packel, Assistant Public Defender, Philadelphia, for appellant.

Steven H. Goldblatt and Deborah E. Glass, Assistant District Attorneys, Philadelphia, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

On March 2, 1976, appellant Gerald Kelly was found guilty in the Municipal Court of Philadelphia of possessing a controlled substance.[1] On May 12, 1976, his petition for a writ of certiorari to the Court of Common Pleas of Philadelphia County was denied. We affirm the order of the lower court.

At approximately 9:00 p. m. on November 8, 1975, Officers William Atwell and Francis Czarnecki of the Philadelphia Police Department were patrolling their assigned district in a patrol wagon. At the intersection of Fifty-fifth and Pine Streets, the officers observed an automobile being operated with an expired inspection sticker. The patrol wagon's spotlight and emergency dome lights were activated, and the vehicle under observation pulled to the curb. Appellant, the driver of the car, got out and began walking back toward the officers. He handed his driver's license and registration certificate to Officer Czarnecki.

Two other individuals occupied the vehicle, one in the front passenger's seat and one in the back. Officer Atwell proceeded to the front passenger's door and directed the beam of his flashlight into the front seat of the vehicle. The light illuminated a small amber vial, with a white plastic cap, containing nine silver foil packets, between the passenger's seat and the driver's seat. The vial had a Sun Ray Drug label and appellant's name on it.

Officer Atwell reached through the open passenger's window, obtained the plastic vial, and displayed it to Officer Czarnecki. Appellant was placed under arrest and taken to the eighteenth district police station. There, a search of appellant yielded a manila envelope containing three more foil packets. The three packets from the manila envelope and five of the nine packets from the vial were later determined to contain methamphetamine, a controlled substance.

1. Act of April 14, 1972, P.L. 233, No. 64, § 13(a)(16) [35 P.S. § 780–113(a) (16)].

■ Appellant first contends that the lower court should have granted a writ of certiorari because, although the complaint charged him with possession of "(12) foil packets cont. a white powder Alleged Herion [sic]," he was convicted of possession of methamphetamine. At the beginning of trial, appellant's counsel and the district attorney stipulated that the foil packets contained methamphetamine. However, appellant first brought the variance between the complaint and the proof to the lower court's attention in his petition for a writ of certiorari. This was not the earliest stage of the proceeding at which it could have been raised, and therefore the issue was waived. *Commonwealth v. Tucker*, 461 Pa. 191, 335 A.2d 704 (1975); *Commonwealth v. Segers*, 460 Pa. 149, 331 A.2d 462 (1975). Furthermore, appellant was sufficiently advised of the nature of the offense charged in accordance with Pa.R.Crim.P. 132. Appellant's defense at trial was based entirely on the alleged invalidity of the arrest.. The fact that the complaint misstated the controlled substance he was alleged to have possessed did not hinder the presentation of his defense.

■ Second, appellant contends that the writ of certiorari should have been granted because evidence seized in an illegal arrest was admitted at his trial. However, the arrest in this case was not illegal. The officers in this case had reason to stop appellant's car. Thus, this case is distinguishable from *Commonwealth v. Swanger*, 453 Pa. 107, 307 A.2d 875 (1973), which forbids routine stops. Similarly, *Commonwealth v. Santiago*, 220 Pa.Super. 111, 283 A.2d 709 (1971), is distinguishable because in that case, the circumstances surrounding the initial police-citizen contact did not give the police officer reason to pursue the defendant and ultimately to find the controlled substance. In this case, the police officers were clearly correct in stopping appellant.

Appellant vigorously argues that Officer Atwell acted improperly when he peered into appellant's car with a flashlight. We held to the contrary in *Commonwealth v. DeJesus*, 226 Pa.Super. 79, 310 A.2d 323 (1973). Therefore, the officer did not act improperly in discovering the contraband

and appellant's possession of the contraband supplied probable cause to arrest.

The order of the lower court is affirmed.

HOFFMAN, J., files a dissenting opinion in which JACOBS and SPAETH, JJ., join.

HOFFMAN, Judge, dissenting:

I dissent because I believe that the police lacked probable cause to search appellant's automobile.

The parties essentially agree to the facts surrounding the contested search: at about 9:00 p. m., on November 8, 1975, two police officers on patrol in West Philadelphia observed that appellant's automobile had an expired inspection sticker. The driver of the police van made a U-turn on Pine Street and stopped the 1965 Chevrolet. Appellant got out of his vehicle and approached the police van. While one officer prepared a citation, the other officer approached the parked Chevrolet and shined a flashlight into the car. He observed on the front seat an amber vial with a typed prescription label. According to the officer, "it appeared to be aluminum foil packets." He seized the vial which contained nine packets of what the police believed to be heroin.[1] Appellant was then arrested.

Appellant was charged with possession of a controlled substance. The Controlled Substance, Drug, Device and Cosmetic Act, 1972, April 14, P.L. 233, No. 64, § 1 et seq.; 35 P.S. § 780–113(a)(16). On March 2, 1976, appellant moved to suppress the 9 packets of methamphetamine in the vial and 3 additional packets taken from his pocket after his arrest. After denial of the motion, the court found appellant guilty and sentenced him to a one year term of probation. Subsequently, appellant petitioned for a writ of certiorari in the Philadelphia County Court of Common Pleas. This appeal followed the denial of that writ on May 12, 1976.

---

1. In fact, the chemical analysis stipulated to at trial by appellant indicated that the substance was methamphetamine.

I believe that the seizure of the amber vial was illegal. Initially, I agree with the Commonwealth's contention that the stop of appellant's car was legal because it was based on a violation of The Vehicle Code, 1972, January 10, P.L. 665 (1971), No. 177, § 1 et seq.; as amended; 75 Pa.C.S. § 834. See also, *Commonwealth v. Boyer*, 455 Pa. 283, 314 A.2d 317 (1974); *Commonwealth v. Swanger*, 453 Pa. 107, 307 A.2d 875 (1973). In addition, if an officer is legally positioned when he views contraband, the plain view doctrine provides legal justification for a seizure of the item. *Commonwealth v. Davenport*, 453 Pa. 235, 308 A.2d 85 (1973). We have held that the plain view doctrine applies even when an officer uses a flashlight to illuminate his view. *Commonwealth v. Clelland*, 227 Pa.Super. 384, 323 A.2d 60 (1974); *Commonwealth v. DeJesus*, 226 Pa.Super. 79, 310 A.2d 323 (1973). However, the foregoing principles do not exempt the police from the requirement of probable cause. That is, the officer must recognize the illuminated item as contraband before he can seize it. *Commonwealth v. Phillips*, 225 Pa.Super. 126, 310 A.2d 290 (1973); *Commonwealth v. Santiago*, 220 Pa.Super. 111, 283 A.2d 709 (1971). In *Commonwealth v. Phillips*, supra, after the arresting officer made a traffic stop, he noticed ". . . a long smoking pipe jutting out from under the passenger's seat. . . . [T]he officer concluded from its appearance that the pipe was a 'hash' pipe . . . ." 225 Pa.Super. at 128, 310 A.2d at 290. We held that the officer's observations did not amount to probable cause. "The officer's linking of the pipe with illicit activity could not have been more than a suspicion, since such pipes can be used to smoke tobacco or hashish or just for ornamentation. It is well established that 'even "strong reason to suspect" will not adequately substitute for probable cause as grounds for an arrest or search.' *Commonwealth v. Pinno*, 433 Pa. 1, 248 A.2d 26 (1968)." 225 Pa.Super. at 128, 310 A.2d at 291. Similarly, in *Commonwealth v. Santiago*, supra, the arresting officer observed appellant, a known drug user, with two silver packets in his hand. In addition, Santiago fled when approached by the officer. This Court

(per Jacobs, J.) concluded that those factors did not justify an arrest.

In the instant case, the officer could plainly see an amber vial with a typed prescription label. That fact did not give him probable cause to seize the vial. See *Commonwealth v. Phillips*, supra. Further, even if he could discern silver foil packets and conclude that they were not pills, we held in *Santiago* that possession of two small packets, without more, simply does not amount to probable cause.

Because the seizure of the drugs was illegal, I would vacate the judgment of sentence and remand for a new trial.

JACOBS and SPAETH, JJ., join in this dissenting opinion.