398 A.2d 1044

**COMMONWEALTH of Pennsylvania**

v.

**Joseph COLLINI, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 13, 1978.

Decided Feb. 23, 1979.

38

Carmen P. Belefonte, Media, for appellant.

Frank T. Hazel, District Attorney, Media, for Commonwealth, appellee.

Before CERCONE, SPAETH and LIPEZ, JJ.

LIPEZ, Judge:

The appellant, Joseph Collini, was convicted, after a trial without a jury, of possession of controlled substances and of possession of controlled substances with intent to deliver, and criminal conspiracy.[1] Appellant's Motion in Arrest of Judgment on the conspiracy conviction was granted, and his Motions in Arrest of Judgment and for a New Trial as to the other convictions were denied. Appellant contends that (1) his warrantless arrest by local police and the search of his person which followed were unlawful; (2) a warrantless search of his home was conducted without his consent; and (3) his inculpatory statement to the police was involuntary under *Miranda v. Arizona,* 386 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Since we agree that the search of appellant's person which led to the discovery of illegal drugs was unreasonable and thus unlawful because (1) the mere stop of appellant's vehicle by local police for a summary offense under the Vehicle Code was not an arrest and therefore could not justify a search of the vehicle or its driver or passengers; (2) there were no circumstances attendant upon the stopping of appellant's vehicle by the police for a traffic violation which would justify a search such as was found reasonable in *Pennsylvania v. Mimms,* 434 U.S. 106, 98 S.Ct. 330, 54 L.Ed.2d 331 (1977), *on remand* sub nom. *Com. v. Mimms,* 477 Pa. 553, 385 A.2d 334 (1978); and (3) the arrest of appellant, immediately before the search, for the possession of what the arresting officer mistakenly believed to be a controlled substance cannot justify the search as pursuant thereto since it was not based on probable cause and was therefore illegal, we reverse the judgment

1. Respectively, 35 P.S. § 780–113(a)(16) and (30); and 18 Pa.C.S.A. § 903.

of sentence and grant appellant a new trial. We conclude that the evidence obtained in the search of appellant's home and the statement obtained from him after he had been arrested and detained were the fruit of unlawful arrest of appellant and must be suppressed. *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).

On June 24, 1975, at approximately 3:21 p. m., Upper Darby police patrolling in an unmarked car and not in uniform observed a vehicle driven by appellant commit traffic violations.[2] They radioed for a marked car intercept, but, upon learning that none was in the area, they pursued and stopped appellant's vehicle themselves. After taking appellant's operator's license and vehicle registration card, one of the officers reached into the vehicle, picked up an object resting on the dashboard, and put it into his pocket. The officer, believing that the object was peyote, then arrested appellant for possession of a controlled substance.[3] Appellant protested, telling the officer that the object was a block of wood. This statement was true. Appellant was then ordered out of his vehicle, and a search of his person revealed three packets of contraband—two containing marijuana and one containing PCP (also known as "angel dust"). Another officer, who had arrived at the scene in response to an assist officer call, removed a burlap bag from under the front seat after seeing appellant's wife move her foot toward an object under the seat. The bag was found to contain approximately $13,000 in cash. Appellant's wife and four other passengers were thereupon arrested, and all were taken to the police station, where questioning was narrowed to appellant and his wife. During a warrantless search of their home, conducted pursuant to a consent form executed by appellant and his wife while under arrest at the police station, the police discovered and seized quantities of a

2. The officers testified that they had observed the vehicle being driven at a high rate of speed, and that it had negotiated a left turn through an intersection on an amber or a red light. These are summary offenses under the Vehicle Code. *See* 75 Pa.C.S. § 6502(a).

3. The trial court found that this was the only ground for appellant's arrest.

number of illegal drugs. Appellant was transported to his home by the police and was present during the search. He was then taken back to the police station, where police obtained from him an incriminating statement admitting his involvement in the sale of drugs.

Appellant's pre-trial motion to suppress the evidence of drugs found on appellant's person and in his home, and his statement, was denied, the hearing judge concluding that, as to appellant, there had been probable cause for the arrest and that all items of evidence and the statement had been lawfully obtained.[4]

■ We first consider whether the stop by the police of appellant's vehicle for a Vehicle Code violation, without more, provides sufficient basis for the subsequent search of appellant's person. In order to clarify our discussion of this issue, we shall assume *arguendo* that there was no arrest for possession of a controlled substance.

The instant case is readily and fundamentally distinguishable from *Gustafson v. Florida*, 414 U.S. 260, 94 S.Ct. 488, 38 L.Ed.2d 456 (1973). In *Gustafson* a local police officer in a Florida community saw the petitioner's car, which had out-of-state license plates, weave across the center line of the road several times.[5] The officer then stopped the petitioner's car and asked the petitioner, who was driving, for his operator's license. Upon being informed by the petitioner that his license was in his college dormitory room in another Florida city, the officer placed petitioner under arrest for

4. The hearing judge granted appellant's wife's Application to Suppress any and all verbal or written statements made by her, and all evidence seized by the police from appellant's home as against her. The suppression judge concluded that evidence seized at appellant's home was the result of a search illegal as to appellant's wife, since her consent to that search had not been voluntary.

5. The officer testified to observation of other suspicious circumstances as well. He stated that the occupants of the car looked back, and after they apparently saw him, the car proceeded across the highway and behind a store, and then turned onto another street.

failure to have his operator's license in his possession while operating a motor vehicle.[6]

During a full search of the petitioner's clothing, the officer discovered a cigarette box. He removed the box from the petitioner's pocket, opened it, and found therein marijuana cigarettes. The petitioner was subsequently convicted of unlawful possession of marijuana. The United States Supreme Court affirmed the conviction, holding that "upon arresting petitioner for the offense of driving his automobile without a valid operator's license, and taking him into custody, [the officer] was entitled to make a full search of petitioner's person incident to that lawful arrest." The court further stated that the fact of *custodial arrest* gave rise to the authority to search.[7] *Id.* at 265, 94 S.Ct. 488. In the instant case, the mere stop of appellant's vehicle by local police for a summary Vehicle Code offense did not constitute an arrest. Under the applicable Rules of Criminal Procedure and Vehicle Code Sections, a mere stop for a summary Vehicle Code offense on the facts of the case before us

**6.** It was conceded by the parties that the officer had probable cause to make the arrest.

**7.** The facts of *United States v. Robinson,* 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427, the companion case to *Gustafson,* are similar. A District of Columbia municipal police officer observed Robinson driving an automobile. As a result of previous investigation, the officer determined that there was reason to believe that Robinson was driving after revocation of his operator's license. The officer stopped Robinson's car and respondent and his two passengers emerged. The officer then informed respondent that he was under arrest for "operating after revocation and obtaining a permit by misrepresentation." *Id.* at 220, 94 S.Ct. at 470. During the search of Robinson which followed the arrest, the officer felt an object in Robinson's coat pocket. The officer removed the object which turned out to be a crushed cigarette package, opened it, and found capsules containing a white powder which he thought to be, and which analysis later determined to be, heroin. The Supreme Court reversed the U. S. Court of Appeals for the District of Columbia Circuit's en banc reversal of Robinson's conviction for possession and facilitation of concealment of heroin, holding, as in *Gustafson,* that the search was reasonable because incident to lawful arrest for the purpose of taking suspect into custody. *Id.* 414 U.S. at 236, 94 S.Ct. 467.

cannot constitute an arrest. Pennsylvania Rule of Criminal Procedure 51A(1)(c) provides:

> For a summary offense under the Vehicle Code, the defendant may be arrested without a warrant only as provided in the Vehicle Code. . . .

[Pa.R.Crim.Proc. 51A(1)(c) (1975).] [8] The Vehicle Code limits the power of police to arrest, without a warrant, for an offense thereunder to (1) arrests where the officer has probable cause to believe that the person arrested has been driving while under the influence of alcohol or a controlled substance,[9] and (2) two other narrowly defined situations governed by Section 6304 of the Vehicle Code:

> § 6304   Authority to Arrest Without Warrant
>
> (a) Pennsylvania State Police—A member of the Pennsylvania State Police who is in uniform may arrest without a warrant any person who violates any provision of this title in the presence of the police officer making the arrest.
>
> (b) Other Police Officers—Any police officer who is in uniform may arrest without a warrant any nonresident who violates any provision of this title in the presence of the police officer making the arrest. . .

*75 Pa.C.S. § 6304.*

In the case at bar, the officer had no probable cause to believe that appellant had been driving while under the influence of alcohol or a controlled substance; arrest is precluded under Section 6304(a) by the fact that the officer was not a member of the Pennsylvania State Police, and under Section 6304(b) by the fact that appellant is not a nonresident of Pennsylvania.[10] We hold, therefore, that a mere stop, by a police officer who is not a uniformed member of the Pennsylvania State Police, of a vehicle driven

**8.** The Rules of Criminal Procedure provide for the issuance of a citation for a summary offense. Pa.R.Crim.P. 51(A)(1).

**9.** 75 Pa.C.S. § 3731.

**10.** *See* 75 Pa.C.S. § 102 (1978).

by an individual who is not a nonresident of Pennsylvania, as such term is defined in the Vehicle Code,[11] for a summary violation under the Vehicle Code, is not an arrest, and cannot support a search of the vehicle, its driver, or its passengers.

We next consider whether there were within the perception of the officer at the time of the stop circumstances such as would justify a search limited to a "pat-down" or "frisk" of the kind upheld by the United States Supreme Court in *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The police officer's ordering appellant to leave his vehicle was not an unreasonable intrusion. *Pennsylvania v. Mimms,* supra. In *Mimms,* police officers stopped defendant's car for a Vehicle Code violation. One of the policemen told respondent to get out of his car. When he did so, the officer saw a large bulge under his jacket. Fearing that the bulge was a weapon, the officer frisked respondent and discovered a loaded revolver. Respondent's convictions for carrying a concealed deadly weapon and unlawfully carrying a firearm without a license were affirmed by the United States Supreme Court. The Court held that the officer's instructions following a lawful stop for the traffic violation to respondent to leave his car were justified as a reasonable intrusion upon respondent's privacy on the grounds of the interest of the State in protecting its police officers. The court then concluded that the issue of the propriety of the search of respondent was controlled by *Terry.* The Court found that the facts available to the officer at the moment of the seizure or the search, that is, the sight of the bulge under respondent's jacket, would have warranted a man of reasonable caution in the belief that the action taken (i. e., the frisk) was appropriate. *See* 392 U.S. at 21–22, 88 S.Ct. 1868. In the instant case, the search of appellant conducted by the officer following his order that appellant leave his vehicle was unreasonable. The facts available to the officer at the moment of the search would obviously not have warranted a reasonably cautious man in the belief that a

11. *Id.*

search was appropriate. There were no suspicious bulges under appellant's clothing, nor did appellant exhibit any behavior on the basis of which the officer could reasonably conclude that appellant was armed and thus presenting a threat to the officer's safety.[12] Further, the search was far more thorough and extensive than a *Terry* "pat-down" or frisk. *Terry* indicates that circumstances, not amounting to probable cause, that would reasonably warrant a police officer's fear for his own safety justify at most a limited frisk, and not a search as complete as one normally made incident to a valid arrest. *See* 392 U.S. at 23–25, 88 S.Ct. 1868. We hold, therefore, that the mere lawful stop of appellant's vehicle for a traffic violation, without more, does not furnish a reasonable basis for the kind of search of appellant that was in fact conducted and that was upheld by the U. S. Supreme Court in *Mimms.*

We turn now to consideration of whether the arrest of appellant for possession of a controlled substance was lawful, and whether the evidence seized from his home and his subsequent statement to the police must be suppressed.

The stop of appellant's car was legal because for a summary violation of the Vehicle Code. If a police officer has a legal right to be where he is when he sees contraband, he may seize it, under the "plain view" doctrine. *Coolidge v. New Hampshire,* 403 U.S. 443, 466–68, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); *Commonwealth v. Davenport,* 453 Pa. 235, 243–44, 308 A.2d 85, 89–90 (1973). An officer may also search, incident to a valid arrest, "the arrestee's person and the area 'within his immediate control'—construing that phrase to mean the area from within which he might gain possession of a weapon or destructible evidence." *Chimel v. California,* 395 U.S. 752, 763, 89 S.Ct. 2034–2040, 23 L.Ed.2d 685 (1969); *Commonwealth v. Davenport, supra,* 453 Pa. at 244–45, 308 A.2d 85.

12. The arresting officer testified that when he stopped appellant's vehicle neither appellant nor any of his passengers made any threats, and that he had no reason to believe that anyone in the vehicle could harm the officers or present any danger whatsoever.

But an arrest is unlawful unless based on probable cause. "Probable cause exists if the facts and circumstances known to the officer warrant a prudent man in believing [an] offense has been committed." *Henry v. United States,* 361 U.S. 98, 102, 80 S.Ct. 168, 171, 4 L.Ed.2d 134 (1959). Good faith is not sufficient. *Id.* An officer must reasonably and objectively conclude, rather than suspect, that a seized item is contraband. *Commonwealth v. Pinno,* 433 Pa. 1, 248 A.2d 26 (1968). "If subjective good faith alone were the test, the protections of the Fourth Amendment would evaporate, and the people would be 'secure in their persons, houses, papers, and effects,' only in the discretion of the police." *Beck v. Ohio,* 379 U.S. 89, 97, 85 S.Ct. 223, 229, 13 L.Ed.2d 142 (1964), *quoted in Commonwealth v. Anderson,* 481 Pa. 292, 392 A.2d 1298 (1978).

In *Commonwealth v. Kelly,* 250 Pa.Super. 122, 378 A.2d 484 (1977), *allocatur granted* December 14, 1977, relied upon by appellee, we affirmed the conclusion of the lower court that the facts perceived by the arresting officer before the arrest for possession of a controlled substance constituted probable cause therefor. In the instant case, it is clear that the arresting officer was not in possession of facts such as would lead a reasonable man to believe that the offense of possession of a controlled substance had been committed. There was nothing, other than the officer's subjective belief, to indicate that the item he seized from the interior of appellant's vehicle was anything but a block of wood. The extent of the officer's experience and training in drugs was a three-week course at the Philadelphia Police Academy, the content of which was not detailed at the suppression hearing. The officer had no special knowledge of peyote. At the hearing, samples of peyote were introduced as a defense exhibit. The peyote bore no resemblance at all to the block of wood seized from appellant's vehicle. The block of wood measured one inch by one inch by three inches, was reddish brown and had a wood grain. The peyote was dull brown, between one-quarter and one-half inch thick and circular, having approximately the same diameter as a five-cent

piece. It had no wood grain. Also, in the course of the hearing, the officer identified a picture of a peyote plant as a cactus. Although we must, if the situation warrants, make allowances for mistakes on the part of the police, such mistakes must be those of reasonable men, acting on facts leading sensibly to their conclusions of probability. *Brinegar v. United States,* 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949). In the case at bar, the mistaken identification of the block of wood by the arresting officer as peyote was not reasonable. In *Commonwealth v. Young,* 222 Pa.Super. 355, 294 A.2d 785 (1972), relied upon by the Commonwealth in the instant appeal, this court upheld a drug arrest as based on probable cause where a police detective in light of his experience and of the totality of circumstances within his perception prior to the arrest, correctly deduced that the defendant in that case was in possession of unlawful drugs. In the case before us, the totality of circumstances perceived by the arresting officer, prior to the arrest does not logically or sensibly lead to the same conclusion.

██  Because not based on probable cause, the arrest of appellant was illegal. Therefore, the search of appellant's person and vehicle pursuant to the arrest was illegal, and all evidence uncovered thereby must be suppressed. *Mapp v. Ohio,* 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961), *Commonwealth v. Pegram,* 450 Pa. 590, 301 A.2d 695 (1973). We conclude also that appellant's consent to the search of his home, the evidence obtained thereby, and the appellant's subsequent incriminating statement to the police are fruit of the illegal arrest and must be suppressed under the doctrine of *Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1973). *Wong Sun* does not require that all evidence obtained subsequent to illegal action on the part of law enforcement authorities be excluded. It must be determined "whether, granting establishment of the primary illegality, the evidence to which instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint," *Id.* at 488, 83 S.Ct. at 417; *Commonwealth v. Mimms,* 471 Pa. 546, 370 A.2d 1157 (1977); *Commonwealth v.*

*Howe,* 246 Pa.Super. 7, 369 A.2d 783 (1977). *See Commonwealth v. Bishop,* 425 Pa. 175, 183, 228 A.2d 661, 666, *cert. denied,* 389 U.S. 875, 88 S.Ct. 168, 19 L.Ed.2d 159 (1967). Challenged evidence may be purged of the primary taint of illegality only if (1) it results from an intervening independent act of a free will; or (2) the connection between the arrest and the evidence has become so attenuated as to dissipate the taint. *Wong Sun, supra,* 371 U.S. at 486, 83 S.Ct. 407 and 491; *Betrand Appeal,* 451 Pa. 381, 388–89, 303 A.2d 486, 490 (1973). The Supreme Court of Pennsylvania has held that "act of free will" means that the questioned evidence truly was given to authorities voluntarily, *and* that there was present no element of coerciveness due to the unlawful arrest. *Commonwealth v. Bishop, supra,* 425 Pa. at 183, 228 A.2d 661. The Commonwealth has the burden of showing that the evidence has been obtained by means sufficiently distinguishable as to be purged of the primary taint. *Betrand Appeal, supra,* 451 Pa. at 389, 303 A.2d 486. Mere giving of *Miranda* warnings will not alone dissipate the taint, *Brown v. Illinois,* 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975); *Commonwealth v. Brooks,* 468 Pa. 547, 364 A.2d 652 (1976), nor will the mere absence of evidence of police coercion justify the conclusion that the accused's statement was the product of free will sufficient to overcome the taint of the illegal arrest. *Commonwealth v. Yocham,* 473 Pa. 445, 375 A.2d 325 (1977).

Whether challenged evidence has been sufficiently purged of taint must be determined from the totality of the circumstances in each case. *Commonwealth v. Whitaker,* 461 Pa. 407, 336 A.2d 603 (1975). Additionally, where the defendant is in custody, the State has a heavy burden to show that the consent to search was voluntarily given. *Commonwealth v. Smith,* 470 Pa. 219, 368 A.2d 272 (1977).

In the instant case, appellant's giving his consent to the police search of his home was not an act of free will sufficient to dissipate the taint of the illegal arrest. At the time he executed the consent form, appellant had been in police custody continuously from the time of his arrest, a period of more than one hour. He had been subject to

continual interrogation by several police officers during that time. He was told that it would be easier for all concerned if he signed the consent form, because the police could obtain a search warrant anyway. One of the interrogating officers told appellant that high bail would be set for him and his wife, and that their two year old daughter could be taken from them if they did not cooperate. The mere fact that appellant had been given *Miranda* warnings does not alone dissipate the taint. Mere acquiescence in the orders, suggestions, or requests of the police can never be equated with consent. *Bumper v. North Carolina,* 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968); *Commonwealth v. Burgos,* 223 Pa.Super. 325, 299 A.2d 34 (1972). Since the Commonwealth has shown no intervening factor between the illegal arrest and appellant's consent to the search, the consent and the evidence obtained pursuant thereto remain tainted by the primary illegality, and must be excluded.

As noted above,[13] all evidence was ordered suppressed as to appellant's wife. She had been told by the police to sign the consent form because her husband had signed it, and the suppression court found that her consent to the search was therefore involuntary. These circumstances, together with the express and implied threats made to Mr. Collini while under police interrogation show a strongly coercive atmosphere surrounding appellant's consent to search. The Commonwealth has failed to sustain its heavy burden of proving that consent was voluntarily given under circumstances completely lacking in coerciveness.

Similarly, appellant's incriminating statement to the police must be excluded. The statement was made while appellant was under arrest, after more than three hours of continuous police custody. Since the Commonwealth has not met its burden of proving attenuation of the statement from the illegal arrest, the statement must be suppressed.

Judgment of sentence reversed and new trial granted.

SPEATH, J., files a concurring opinion.

---

**13.** *See* note 4 *supra.*

SPAETH, Judge, concurring.

I agree with most of what is said in Judge LIPEZ's opinion, and therefore join in the order granting a new trial. I wish, however, to note one reservation.

The opinion "assume[s] *arguendo* that there was no arrest for possession of a controlled substance." Majority opinion at 1046. I am uneasy with this assumption, for I find it unnecessary. The facts show that there was such an arrest. I agree with Judge LIPEZ that the arrest was unlawful because it was not based on probable cause. Therefore, the search incident to the arrest was also unlawful, and the fruits of that search must be suppressed.

As I see it, the difference between *Gustafson* and *Robinson,* on the one hand, and this case, on the other, is that in *Gustafson* and *Robinson* the arrest was lawful.