**Commonwealth v. Moyer**

*David W. Addy, assistant district attorney,* for the Commonwealth.
*George T. Dydynsky,* for defendant.

LAVELLE, *P.J.,* November 19, 1996—

## FINDINGS OF FACT AND CONCLUSIONS OF LAW SUR DEFENDANT'S MOTION TO SUPPRESS

Before this court is defendant's motion to suppress an alleged marijuana pipe. After hearing, we make the following

### FINDINGS OF FACT

(1) On September 14, 1996, at 1:56 p.m., Trooper Shawn S. Meenan of the Pennsylvania State Police, on routine patrol, noticed a green Nova parked in an alley in Weissport, Carbon County, Pennsylvania, with a white male behind the wheel. The trooper pulled in behind the vehicle and asked the occupant to exit the vehicle and show him his driver's license.

(2) The occupant alighted from the vehicle, identified himself as Raymond Kowalski and told the officer, "I don't have a driver's license." The officer then asked

Kowalski what he was doing. He replied he was dropping off some tools with a friend.

(3) During this colloquy, defendant appeared and corroborated Kowalski's explanation. Trooper Meenan asked defendant for identification, and he replied that he had no identification on him.

(4) After interviewing Kowalski and defendant, Trooper Meenan was satisfied that no criminal activity was afoot.

(5) Trooper Meenan indicated to Kowalski that he could leave, and Kowalski drove off with defendant.

(6) Trooper Meenan, almost immediately thereafter, followed and then stopped the green Nova because Kowalski had driven without a driver's license. Kowalski was again asked to identify himself and to step out of the vehicle. Kowalski was then patted down and released. No citation was issued.

(7) While defendant was still seated in the vehicle, Trooper Meenan asked defendant to provide him with some identification.

(8) Defendant took out of his pocket a large plastic bag containing his personal papers. The plastic bag also contained smaller plastic bags.

(9) Upon seeing the plastic bags, Trooper Meenan observed what appeared to him as the remains of a white powdery substance in the plastic bags which the police officer also described as "white dirt."

(10) Defendant was then asked to get out of the vehicle and asked whether he had any weapons. Defendant said "No" and Trooper Meenan proceeded to pat him down.

(11) During the course of the pat down, the police officer felt what he believed was a marijuana pipe which he extracted from defendant's pocket.

(12) Defendant was charged with possession of drug paraphernalia.

## DISCUSSION

The following legal principles circumscribe our disposition of defendant's suppression motion:

"When [a] police [officer] stop[s] a vehicle in this Commonwealth for investigatory purposes, the vehicle, and its occupants, are considered 'seized' and the seizure is subject to constitutional restraints." *Commonwealth v. Knotts,* 444 Pa. Super. 60, 64, 663 A.2d 216, 218 (1995); *Commonwealth v. Bowersox,* 450 Pa. Super. 176, 675 A.2d 718 (1996).

In *Commonwealth v. Hamilton,* 543 Pa. 612, 617-18, 673 A.2d 915, 918 (1996), the Supreme Court held that a police officer may stop a vehicle whenever he has articulable and reasonable grounds to suspect that a violation of the Vehicle Code has occurred.

75 Pa.C.S. §6308(b) provides as follows:

"Whenever a police officer is engaged in a systematic program of checking vehicles or drivers or has articulable and reasonable grounds to suspect a violation of this title, he may stop a vehicle, upon request or signal, for the purpose of checking the vehicle's registration, proof of financial responsibility, vehicle identification number, engine number, or the driver's license or to secure such other information as the officer may reasonably believe to be necessary to enforce the provisions of this title."

If a vehicle has been lawfully stopped for a traffic violation, then it is well established that a police officer may order a driver out of a car and ask the driver for identification. *Commonwealth v. Long,* 489 Pa. 369, 414 A.2d 113 (1980). In order to detain the driver for

additional questioning, the officer must have a reasonable suspicion of illegal transactions in drugs or other criminal activity. *Commonwealth v. Lopez,* 415 Pa. Super. 252, 609 A.2d 177 (1992), *appeal denied,* 533 Pa. 598, 617 A.2d 1273 (1992).

An officer may order a passenger out of a vehicle if the officer has a reasonable suspicion that the passenger is involved in criminal activity or is armed and dangerous. *Commonwealth v. Elliott,* 376 Pa. Super. 536, 546 A.2d 654 (1988), *appeal denied,* 521 Pa. 617, 557 A.2d 721 (1989).

Further, the search of a person after a valid traffic stop is impermissible if there is no fact available to the officer at the time of the search from which the officer can reasonably conclude that the person is armed and a threat to the officer's safety. *Commonwealth v. Collini,* 264 Pa. Super. 36, 398 A.2d 1044 (1979). Once the officer is satisfied that defendant is not armed and dangerous, the inquiry should end. *Commonwealth v. Marconi,* 408 Pa. Super. 601, 597 A.2d 616 (1991).

Initially, it must be noted that Trooper Meenan was satisfied at the time of the first stop in the Weissport alley that neither the driver of the vehicle nor defendant passenger was involved in any criminal activity. After questioning both men, he issued no citation or warning and told them they could leave.

When the officer permitted driver and passenger to leave after the initial stop, he knew Kowalski had no driver's license because Kowalski told him so. We are unwilling to hold, as argued by defendant, that the officer's allowance of Kowalski's illegal driving vitiated the second stop. Unquestionably, it permits Kowalski to raise the defense of entrapment at his trial. But it cannot be seriously contended that Trooper Meenan was not justified in stopping Kowalski because Kowal-

ski told him that he was not licensed to drive and, by driving his vehicle, there was an ostensible violation of 75 Pa.C.S. §1501.

The Superior Court has held that where an officer effectuates a valid traffic stop, he or she may order the driver to exit the vehicle despite the lack of an articulable basis to believe that criminal activity is afoot or that the driver is armed and dangerous. See *Commonwealth v. Lopez, supra* at 259, 609 A.2d at 181. See also, *Commonwealth v. Elliott, supra* at 548-49, 546 A.2d at 660. (*Pennsylvania v. Mimms,* 434 U.S. 106, 98 S.Ct. 330 (1977), also makes it clear that the officer need not articulate any reason for ordering the driver from the vehicle when the vehicle is lawfully detained for a traffic violation.) Trooper Meenan knew he had a motor vehicle violation, and he was perfectly justified in asking Kowalski to step out of the vehicle and to interrogate him. *Commonwealth v. Brown,* 439 Pa. Super. 516, 654 A.2d 1096 (1995).

There was absolutely no justification, however, to question defendant. Defendant had previously told him he had no identification. Trooper Meenan had no reasonable suspicion that defendant was involved in criminal activity or that either party in the car was armed or that the officer had fear for his safety. His inquiry should have ended after he talked to Kowalski. The trooper's questioning of defendant for identification was an illegal and unconstitutional intrusion during an investigative stop. Any evidence obtained through his questioning was illegally obtained and must be suppressed.

The district attorney's reliance on *Commonwealth v. Baer,* 439 Pa. Super. 437, 654 A.2d 1058 (1994), is misplaced.

Both cases involved lawful traffic stops where contraband was seen after passengers were ordered to alight from the vehicles. The Superior Court reviewed the particular circumstances of the traffic stops, including the behavior and responses of the vehicle occupants, and concluded that the concerns addressed in *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868 (1968), were met. In both cases, the court said suppression of evidence was not warranted. There were no suspicious circumstances surrounding the stop in the instant case.

We also reject the Commonwealth's contention that Trooper Meenan's questioning of defendant was a mere encounter. It is pure serendipity to suggest that a state trooper in full uniform who stops a vehicle with his marked car for a traffic violation is engaging in a mere request for information. The officer had defendant in an investigative detention. Any questioning must be supported by a reasonable suspicion that criminal activity or danger to his safety lurked within the vehicle.

## CONCLUSIONS OF LAW

(1) Officer Meenan lacked any reasonable suspicion that defendant was involved in criminal activity or was armed and dangerous.

(2) The questioning of defendant while seated in the car was violative of the Fourth Amendment to the United States Constitution and Article 1, Section 8 of the Pennsylvania Constitution.

(3) All evidence seized and flowing therefrom is inadmissible.

For the foregoing reasons, we enter the following:

328

## ORDER

And now, November 19, 1996, it is hereby ordered and decreed that any and all evidence found on Thomas J. Moyer be and is hereby suppressed.