Commonwealth *v.* Pinno, Appellant.

2

Argued October 7, 1968.   Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Michael J. Wherry,* for appellant.

*Joseph J. Nelson,* Assistant District Attorney, and *Edward M. Bell,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, November 27, 1968:

At 10:15 p.m. on March 3, 1965, Officer Lawrence Wenko of the Pittsburgh police force observed appellant driving a convertible which had articles in the back seat and trunk (which was partly open). Officer Wenko was unable to stop the vehicle, but about fifteen minutes later he found the same car parked and unoccupied. Upon seeing television sets inside, Officer Wenko radioed his superior, asking the latter to meet him at the convertible. While awaiting his superior, Officer Wenko began to search the car and found a television set, a pair of rubber gloves, and a pinch bar.

At about 10:45 that evening, appellant was arrested six to ten miles from the car. Meanwhile, the car was being towed to the police garage, where it was again searched, an inventory being made of the goods found therein. During this entire period, the Pittsburgh police had no knowledge that the items in the convertible were stolen, or even that a burglary had been committed.

At trial, appellant for the first time moved to suppress the evidence seized during the searches of his automobile. The trial judge in the absence of the jury, held a hearing, and concluded that the evidence was illegally seized. But rather than suppressing the evidence, the judge ruled that the issue of whether appellant, by not making application by five days before trial, had waived his right to raise the suppression claim under Pa. R. Crim. P. 2001(b) presented a factual inquiry which was for the jury to decide under Rule 2001(h).[1] The jury concluded on a special in-

---

[1] Rule 2001(h) provides in pertinent part: "(h) When the court of a prosecution county receives an application for relief during trial, it shall consider the application out of the hearing of the jury in the first instance . . . and shall: . . . (2) Direct that

4

terrogatory that there was a waiver, and convicted appellant of burglary, the Superior Court affirming per curiam by an equally divided court. We agree with appellant that this trial procedure was improper under Rule 2001 and his conviction should be set aside.

Initially we must consider whether the trial judge was correct in deciding that the evidence in question was seized as part of a constitutionally invalid search. Although the rule established by the Supreme Court of the United States to determine the validity of warrantless automobile searches is not entirely clear, *compare Preston v. United States*, 376 U.S. 364, 84 S. Ct. 881 (1964) *with Cooper v. California*, 386 U.S. 58, 87 S. Ct. 788 (1967),[2] we need not enter that thicket to decide this case. There can be no question that in any event, a prerequisite to a valid search is probable cause, and that was not present here. Officer Wenko and his colleagues admittedly had no information that a crime had been committed, and although the circumstances may have looked suspicious to Officer Wenko,

disputed issues of fact shall be submitted to the jury . . . as in the case of disputed confessions in criminal cases."

The trial judge conceded that his interpretation of 2001(h) was open to question and that appellant's contrary contentions "may be right."

[2] *Carroll v. United States*, 267 U.S. 132, 45 S. Ct. 280 (1925), established the basic rule that police could stop and search *moving* vehicles without a warrant if the officers had probable cause to believe that the auto contained seizable articles, the rationale being that securing a warrant under these circumstances is not practical. In *Preston*, where defendants were arrested in their car on vagrancy charges, and where the car was then impounded and subjected to a warrantless search, the search was held invalid. But in *Cooper*, where the arrest was on narcotics charges, a California statute required the police to hold the car "as evidence" pending either a forfeiture or a release, and when the police searched the car without a warrant after holding it for four months, the search was approved.

even "strong reason to suspect" will not adequately substitute for probable cause as grounds for an arrest or search. *Henry v. United States,* 361 U.S. 98, 101, 80 S. Ct. 168, 170-71 (1959); see, e.g., *Sibron v. New York,* 392 U.S. 40, 88 S. Ct. 1912 (1968); *United States ex rel. McArthur v. Rundle,* 402 F. 2d 701 (3d Cir. 1968). We thus conclude that the trial judge correctly decided that the search and seizure of the property in appellant's car were invalid.

The trial court, however, was incorrect in then submitting the waiver issue to the jury under Rule 2001. Rule 2001(b) provides that an application to suppress "shall be made not later than five days before the trial. An application may be made, in the prosecution county only, at any time until the evidence is offered at the trial if opportunity therefor did not previously exist, *or* if defendant was not aware of the ground for the application, *or* if a prior application for relief has been made in the seizure county but has not been finally determined, *or the interests of justice require it."* (Emphasis added.) Under Rule 2001(h) (2), disputed issues of fact remaining after the judge's initial consideration out of the hearing of the jury are to be submitted to the jury. The trial judge here believed that the question of whether appellant knew of the grounds for his motion more than five days before trial was an issue of fact for the jury under Rule 2001(h)(2).

We believe that a proper reading of Rule 2001 compels the conclusion that the question of waiver under 2001(b) is a matter solely for the court. 2001(b) provides four alternative excuses for a failure to meet the "five days before the trial" requirement. The drafters' notes explicitly state that the last of these, if "the interests of justice require it," gives the court discretionary power to entertain the application after the expiration of the time period. Allowing the jury to

make the final decision as to whether the failure to comply with the time requirement of 2001(b) is to be excused is an abdication of the judge's responsibility to determine whether the interests of justice require the suppression application to be considered on the merits, regardless of the untimeliness of the claim.

The procedure under Rule 2001 contemplates an initial consideration by the trial court of issues such as waiver.[3] The rationale for the five day rule of 2001(b) is, in the drafters' words, to "prevent the rule [the 2001 suppression procedure] from being used by a delaying defendant who wishes to escape trial or to secure a continuance." Thus if the court finds an unexcused violation of the five day rule, the defendant will not be able to present the merits of his claim. Here however, the trial court ruled on the merits of appellant's claim. Having done that, the rationale for the five day rule disappears, and it no longer makes any sense to consider waiver. When the trial judge decided the merits of appellant's suppression claim, he in effect exercised his discretionary power to excuse appellant's noncompliance with the five day rule. Cf. *Wrightson v. United States*, 222 F. 2d 556 (D.C. Cir. 1955).[4] Appellant was then entitled to be tried without having the jury consider the seized evidence in any way.

The order of the Superior Court is reversed, the judgment of the Court of Oyer and Terminer of Mercer County is vacated and a new trial is ordered.

---

[3] The drafters' note to Rule 2001(h) states that the procedure is "analogous to that followed in disputed confession cases."

[4] The drafters' note to Rule 2001(b) states that it is modeled after Federal Rule of Criminal Procedure 41(e) (except that 41(e) does not add the additional five day period before trial). *Wrightson* decided that under 41(e), when the trial judge both decided the merits of the suppression claim and also noted that the motion to suppress was not timely, the merits were properly before the appellate court.

Mr. Chief Justice BELL and Mr. Justice JONES concur in the result.

Mr. Justice MUSMANNO did not participate in the decision of this case.