Commonwealth *v.* Phillips, Appellant.

Argued June 12, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and SPAETH, JJ.

*John R. Merrick,* Public Defender, for appellant.

*F. Ned Hand,* Assistant District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., September 19, 1973:

This is an appeal from a judgment of sentence for possession of marijuana. Appellant argues that evidence used in his trial was illegally obtained.

The facts of this case are as follows: Appellant was stopped by a police officer for passing a stop sign. While requesting appellant's driver license and vehicle

registration, the police officer noticed a long smoking pipe jutting out from under the passenger's seat. The pipe was approximately twelve inches in length, with a wooden barrel and a small ornate brass bowl. After asking appellant if he might examine the pipe, the officer concluded from its appearance that the pipe was a "hash" pipe, one used for the purpose of smoking hashish. Thereupon, appellant was advised of his constitutional rights and placed under arrest.

A second officer then arrived at the scene to assist in the investigation. Requiring a light for his cigarette, the second officer reached into appellant's automobile and picked up a matchbox that had been lying on the floor near the accelerator pedal. Upon opening the matchbox, the officer found that it contained hashish.

Appellant's motion to suppress the pipe and the hashish as fruits of an unreasonable search was denied. After the jury returned a verdict of guilty, the appellant's motion for a new trial was denied and he received a sentence of thirty days probation and a fine of one hundred dollars.

The significant question in this case is whether the mere observation of an ornate pipe in the appellant's car constituted probable cause for an arrest and search. We hold that it does not.

Possession of pipes similar to the one in question is not illegal per se. The officer's linking of the pipe with illicit activity could not have been more than a suspicion, since such pipes can be used to smoke tobacco or hashish or just for ornamentation. It is well established that "even 'strong reason to suspect' will not adequately substitute for probable cause as grounds for an arrest or search." *Commonwealth v. Pinno,* 433 Pa. 1, 248 A. 2d 26 (1968).

In cases involving essentially the same facts, other jurisdictions have held that "mere possession" of an ornate pipe "standing by itself" does not provide suffi-

cient grounds for a subsequent search or an arrest for possession of illegal drugs. *People v. Ortiz*, 276 Cal. App. 2d 1, 80 Cal. Rptr. 469 (Ct. App. 1969). See also *State v. Parks*, 485 P. 2d 1246 (Or. Ct. App. 1971).

In *Thomas v. Superior Court for County of San Joaquin*, 22 Cal. App. 3d 972, 976-977, 99 Cal. Rptr. 647 (1972), a police officer spotted a hand-rolled cigarette in the back seat of an automobile and used this as probable cause to *search* the automobile. "[The police officer] gave no testimonial comparison between the appearance of hand-rolled tobacco cigarettes and hand-rolled marijuana cigarettes. Indeed, the lack of any evidence concerning the customary appearance of marijuana cigarettes left respondent court with no standard with which it could compare the seized cigarette to determine whether the latter looked distinctively like contraband. . . . Hand-rolled cigarettes 'in white paper' are not unusual, and *it would be unjust to automatically subject possessors of them to arrest on marijuana charges or their cars to search.*" [Emphasis added.]

There appears to be little distinction between the pipe in the instant case and the hand-rolled cigarette in the *Thomas* case. The policeman in this case under cross-examination admitted that "any type could be a hashish pipe." We believe that the officer's immediate designation of the pipe as contraband was unjustified. The subsequent search was not based on adequate probable cause and was therefore unreasonable. Any evidence obtained as a result of this search, i.e., the hashish found in the matchbox, should have been suppressed.

The judgment of sentence is reversed and a new trial granted.

WRIGHT, P. J., WATKINS and JACOBS, JJ., dissent.