**COMMONWEALTH of Pennsylvania,**
**Appellee,**

v.

**Sean Alan HUFF, Appellant.**

Superior Court of Pennsylvania.

Submitted June 2, 2003.
Filed Sept. 22, 2003.

H. Anthony Adams, Public Defender, Carlisle, for appellant.

Jaime M. Keating, Asst. Dist. Atty., Carlisle, for Com., appellee.

BEFORE: JOYCE, KELLY and POPOVICH, JJ.

OPINION BY POPOVICH, J.:

¶ 1 Appellant Sean Alan Huff appeals from the judgment of sentence entered in Court of Common Pleas, Cumberland County, following his convictions of unlawful possession of a small amount of marijuana and of unlawful possession of drug paraphernalia. Appellant challenges the suppression court's refusal to suppress all evidence. Upon review, we reverse.

¶ 2 On December 16, 2001, Corporal Jeffrey Shubert of the Shippensburg Police Department was on patrol in an unmarked police vehicle. At approximately 2:20 a.m., Corporal Shubert was parked in the parking lot of a Sheetz convenience store at the intersection of Queen and King Streets in

Shippensburg. At 2:28 a.m., he observed a vehicle traveling south on Queen Street stop at the traffic signal at the intersection of Queen and King Streets. The vehicle was approximately fifteen to twenty feet from Corporal Shubert's vehicle. Corporal Shubert observed the female passenger in the vehicle attempt to light a small pipe, which he suspected was a marijuana pipe. He then stopped the vehicle. Appellant, who was driving the vehicle, attempted to exit the vehicle to approach Corporal Shubert. However, the corporal instructed Appellant to remain in the vehicle. Corporal Shubert approached Appellant's vehicle and conveyed his suspicion to Appellant and the female passenger. Appellant then handed to Corporal Shubert the small pipe and admitted to the corporal that he owned the pipe. Corporal Shubert examined the pipe, suspected that it had been used for marijuana and placed Appellant under arrest. The corporal also noticed the odor of burnt marijuana emanating from Appellant's vehicle. Corporal Shubert informed Appellant of his *Miranda* warnings and placed him in protective custody in the rear of the police vehicle. Appellant gave Corporal Shubert permission to search his vehicle and indicated that a film canister containing marijuana was underneath the driver's seat. During the search, Corporal Shubert recovered a film canister containing suspected marijuana. However, Corporal Shubert located the canister in the center console along with a second pipe. Appellant stated that nothing in the vehicle belonged to the female passenger and that he owned the contraband found. The female passenger corroborated Appellant's statements.

¶ 3 The Pennsylvania State Police performed an analysis of the contents of the canister and concluded that it was marijuana weighing .40 grams. The Commonwealth charged Appellant with one count of unlawful possession of a small amount of marijuana for personal use and one count of unlawful possession of drug paraphernalia.

¶ 4 The trial court appointed counsel to represent Appellant. Appellant filed a pretrial motion to suppress all evidence discovered during Corporal Shubert's stop and investigation. He argued that Corporal Shubert did not possess probable cause when he stopped Appellant's vehicle. The court denied the motion to suppress. On July 29, 2002, the trial court conducted a bench trial. The court convicted Appellant on both charges and, on July 30, 2002, sentenced him to pay costs of prosecution and a fine of $50.00 for each offense. Appellant filed a timely notice of appeal. The trial court ordered Appellant to file a Pa. R.A.P. 1925(b) concise statement of matters complained of on appeal; he complied. The court authored a Pa.R.A.P. 1925(a) opinion.

¶ 5 Appellant presents the following question for our review:

> Did the court err when it refused to suppress evidence from a stop made when an officer observed a passenger in a car lighting something, possibly a small pipe, in close proximity to her face?

Appellant's Brief, at 5.

¶ 6 In considering the denial of a suppression motion, our standard of review is well settled. We must "determine whether the record supports the suppression court's factual findings and the legitimacy of the inferences and legal conclusions drawn from these findings." *Commonwealth v. Ayala*, 791 A.2d 1202, 1207 (Pa.Super.2002). In doing so, we "may consider only the prosecution's [evidence]" and the defendant's evidence to the extent it is not contradictory. *Id.*, 791 A.2d at 1207. If the evidence presented at the suppression hearing sup-

ports these findings of fact, we may not reverse the suppression court unless its accompanying legal conclusions are in error. *See Commonwealth v. Lohr*, 715 A.2d 459, 461 (Pa.Super.1998).

¶ 7 The Fourth Amendment to the United States Constitution and Article 1, Section 8 of the Pennsylvania Constitution protect individuals from unreasonable searches and seizures, thereby ensuring the "right of each individual to be let alone." *Schneckloth v. Bustamonte*, 412 U.S. 218, 236, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); *Commonwealth v. Blair*, 394 Pa.Super. 207, 575 A.2d 593, 596 (1990). To secure this right, courts in Pennsylvania require law enforcement officers to demonstrate ascending levels of suspicion to justify their interactions with citizens as those interactions become more intrusive. *See Commonwealth v. Ellis*, 541 Pa. 285, 662 A.2d 1043, 1047 (1995) (citations omitted). The first of these interactions is a "mere encounter," or request for information, that needs not be supported by any level of suspicion, but *carries no official compulsion to stop or to respond. See id.*, 662 A.2d at 1047 (citations omitted). The second, an "investigative detention," or *Terry* stop, must be supported by reasonable suspicion of criminal activity afoot; it subjects a suspect to a stop and a period of detention, but does not involve such coercive conditions as to constitute the functional equivalent of an arrest. *See id*, 662 A.2d at 1047 (citations omitted). Finally, an arrest, or "custodial detention," must be supported by probable cause. *See id.*, 662 A.2d at 1047–48 (citations omitted).

An investigative detention occurs when a police officer temporarily detains an individual by means of physical force or a show of authority for investigative purposes. *Commonwealth v. Lopez*, 415 Pa.Super. 252, 258, 609 A.2d 177, 180, *appeal denied*, 533 Pa. 598, 617 A.2d 1273 (1992). *See also Commonwealth v. Lewis*, 535 Pa. 501, 636 A.2d 619 (1994). Such a detention constitutes a seizure of a person and thus activates the protections of the Fourth Amendment and the requirements of *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). *Lopez*, 415 Pa.Super. at 258–59, 609 A.2d at 180; *Lewis*, 535 Pa. at 507–08, 636 A.2d at 622–23. In order to determine whether a particular encounter constitutes a seizure/detention, "a court must consider all the circumstances surrounding the encounter to determine whether the police conduct would have communicated to a reasonable person that the person was not free to decline the officers' request or otherwise terminate the encounter." *Lewis*, 535 Pa. at 509, 636 A.2d at 623 (*quoting Florida v. Bostick*, 501 U.S. 429, 439, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991)).

*Commonwealth v. Sierra*, 555 Pa. 170, 723 A.2d 644, 646 (1999).

¶ 8 To determine whether the interaction rises to the level of an investigatory detention, we must discern whether, as a matter of law, the police conducted a seizure of the person involved. *See Commonwealth v. Mendenhall*, 552 Pa. 484, 715 A.2d 1117, 1119–20 (1998). To decide whether a seizure occurred, we must consider the totality of the circumstances surrounding the encounter to determine whether the demeanor and conduct of the police would have communicated to a reasonable person that he or she was not free to decline the officer's request or otherwise terminate the encounter. *See Commonwealth v. Reppert*, 814 A.2d 1196, 1202 (Pa.Super.2002) (*en banc*).

¶ 9 In the present case, Corporal Shubert's interaction with Appellant was clearly an investigative detention when he initiated a stop of Appellant's vehicle to investigate whether criminal ac-

tivity was afoot.[1] Accordingly, we conclude that the corporal effectively seized Appellant at the moment he initiated the stop of Appellant's vehicle.

Our Supreme Court has mandated that law enforcement officers, prior to subjecting a citizen to an investigatory detention, must harbor at least a reasonable suspicion that the person seized is then engaged in unlawful activity. *See Commonwealth v. Polo,* 563 Pa. 218, 759 A.2d 372, 375 (Pa.2000). The question of whether reasonable suspicion existed at the time of an investigatory detention must be answered by examining the totality of the circumstances to determine whether the officer who initiated the stop had a *"particularized and objective basis"* for suspecting the individual stopped. *Commonwealth v. Ayala,* 2002 PA Super 30, 791 A.2d 1202, 1209 (Pa.Super.2002) (*quoting In the Interest of D.M.,* 566 Pa. 445, 781 A.2d 1161, 1163 (Pa.2001)). Thus, to establish grounds for reasonable suspicion, the officer must articulate specific observations which, in conjunction with reasonable inferences derived from those observations, led him reasonably to conclude, in light of his experience, that criminal activity was afoot and that the person he stopped was involved in that activity. *See Commonwealth v. Cook,* 558 Pa. 50, 735 A.2d 673, 677 (Pa.1999).

Although a police officer's knowledge and length of experience weigh heavily in determining whether reasonable suspicion existed, our Courts remain mindful that the officer's judgment is necessarily colored by his or her primary involvement in "the often competitive enterprise of ferreting out crime." *In*

*re D.E.M.,* 1999 PA Super 59, 727 A.2d 570, 578 n. 19 (Pa.Super.1999) (*quoting Terry* 392 U.S. at 11–12, 88 S.Ct. 1868). Therefore, the fundamental inquiry of a reviewing court must be an objective one, "namely, whether 'the facts available to the officer at the moment of the [intrusion] warrant a man of reasonable caution in the belief that the action taken was appropriate.'" *Commonwealth v. Zhahir,* 561 Pa. 545, 751 A.2d 1153, 1156 (Pa.2000) (*quoting Terry,* 392 U.S. at 21–22, 88 S.Ct. 1868) (insertion in *Zhahir*). *This inquiry will not be satisfied by an officer's hunch or unparticularized suspicion. See Commonwealth v. Arch,* 439 Pa.Super. 606, 654 A.2d 1141, 1144 (Pa.Super.1995).

*Reppert,* 814 A.2d at 1203–04.

 ¶ 10 The testimony at the suppression hearing was brief. Corporal Shubert testified that from approximately fifteen to twenty feet, he observed a female passenger in Appellant's vehicle lighting some type of small pipe. *See* N.T. Suppression Hearing, 4/16/2002, at 5. When asked why the corporal became suspicious of the female passenger's activity, he testified:

> Well, the close proximity of the lighter to her face. I don't know too many women who smoke pipes. It was just under her nose the way she was holding the pipe and the way she was holding the lighter.

*Id.,* at 6–7. Based upon this observation, along with personal experience, Corporal Shubert opined that she was lighting a marijuana pipe. *See id.,* at 7. He then stopped the vehicle. From this testimony,

---

1. A police officer may also conduct a stop of a motor vehicle if the officer reasonably believes that a provision of the Motor Vehicle Code was violated. *See Commonwealth v. DeWitt,* 530 Pa. 299, 608 A.2d 1030, 1032 (1992)

(citations omitted). However, the record does not contain any evidence that Corporal Shubert stopped Appellant's vehicle due to a motor vehicle violation.

the suppression court found that Corporal Shubert's observation established probable cause. We disagree.

¶ 11 In *Commonwealth v. Phillips*, 225 Pa.Super. 126, 310 A.2d 290, 291 (1973), this Court held that mere observation of an ornate "hash" pipe was not sufficient probable cause for an arrest and search. We stated further:

> Possession of pipes similar to the one in question is not illegal *per se*. The officer's linking of the pipe with illicit activity could not have been more than a suspicion, since such pipes can be used to smoke tobacco or hashish or just for ornamentation. It is well established that "even 'strong reason to suspect' will not adequately substitute for probable cause as grounds for an arrest or search." *Commonwealth v. Pinno*, 433 Pa. 1, 248 A.2d 26 (1968).

*Id.*, 310 A.2d at 291.

¶ 12 We find that the reasoning in *Phillips* is analogous to this case. Corporal Shubert's observation of the female passenger attempting to light a small pipe does not support probable cause to stop Appellant's vehicle. The corporal concluded that it was a marijuana pipe based upon the fact that the pipe was in close proximity to her face as she attempted to light it and the fact that a female was smoking from a pipe. As noted in *Phillips*, possession of a small pipe is not illegal *per se*. Likewise, we find that the use of a small pipe is not illegal *per se*, as a small pipe may be used for smoking tobacco. This, without more, will not justify an investigatory detention.

¶ 13 Corporal Shubert indicated that criminal activity was afoot based upon the fact that a *female* was the person attempting to light the pipe. We are troubled by the potential equal protection implication arising from Corporal Shubert's reasoning. Surmising that a police officer has reason-able suspicion to seize a person smoking a pipe based upon the gender of the person would violate the equal protection of the law. The fact that the corporal does not know too many women who smoke pipes is immaterial to whether he possessed reasonable suspicion of criminal activity afoot.

¶ 14 We find that Corporal Shubert's seizure of Appellant was based upon a "hunch" that criminal activity was afoot as opposed to a "particular and objective basis." The fact that a female was attempting to light a small pipe does not amount to a particular and objective basis. Accordingly, we conclude that the seizure of Appellant at issue in this case was illegal.

¶ 15 Since the seizure of Appellant was illegal, we must examine his consent to search the vehicle. To justify a consensual search after an illegal detention, the Commonwealth must demonstrate that the consent was an "independent act of free will" and not "the product of the illegal detention." *See Commonwealth v. Freeman*, 563 Pa. 82, 757 A.2d 903, 909 (2000). Three factors articulated in *Brown v. Illinois*, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975), are relevant to this inquiry: the temporal proximity of the detention and the consent, any intervening circumstances, and, particularly, the purpose and flagrancy of the officer's unlawful conduct. *See Freeman*, 757 A.2d at 909. Although we do not view Corporal Shubert's actions as flagrant, the record does not establish the necessary break in the sequence of events that would isolate Appellant's consent from the illegal detention. *See id.*, 757 A.2d at 909. Appellant consented to the search of his vehicle immediately after Corporal Shubert placed Appellant in the rear of the police vehicle. Thus, we find that Appellant's consent was intertwined with the illegal detention and, too, was invalid. As Appellant's consent was invalid, the fruits of the search of the

vehicle must also be suppressed. *See Freeman,* 757 A.2d at 909.

¶ 16 The trial court erred in failing to recognize the illegality of the seizure .and in failing to order suppression of all physical evidence and incriminating statements it produced. Consequently, we reverse Appellant's judgment of sentence and order all evidence obtained from the illegal stop suppressed.

¶ 17 Judgment of sentence reversed. Case remanded for further proceedings consistent with this opinion. Jurisdiction relinquished.

¶ 18 KELLY, J. Notes Dissent.