**Commonwealth v. Godbolt**

C.P. of Berks County, No. CP-06-CR-0001135-2015

*Adam A. McNaughton*, for Commonwealth.
*Christopher M. Price*, for defendant.

YATRON, *P.J.*, May 8, 2015—Milton Godbolt ("Defendant") is charged in the above-captioned case with possession with intent to deliver a controlled substance[1] and

_____
1. 35 P.S. § 780-113(a)(30).

possession of a controlled substance[2]. On April 21, 2015, Defendant filed an omnibus pretrial motion in the nature of a motion for suppression of evidence. Hearing was held April 29, 2015, and both counsel submitted memoranda on May 6, 2015. The matter is now ripe for disposition.

## FINDINGS OF FACT

1. Criminal Investigator Darren Smith works in the Vice Unit of the Reading City Police Department.

2. On February 10, 2015, Smith received information from a confidential source that Defendant was selling crack cocaine inside Daniel's Bar at 946 Penn Street in the City of Reading.

3. Daniel's Bar is well known to be a hub of violence and drug activity.

4. The confidential source specifically indicated that Defendant had a pill bottle containing crack cocaine. He also stated that Defendant was sitting on the fifth stool from the front door, next to a white female.

5. Smith and three other criminal investigators went to the bar to locate Defendant.

6. Defendant was immediately patted down for weapons. Smith had not seen any weapon, nor had he received any information about Defendant possessing a weapon.

7. Smith felt a pill bottle in Defendant's pocket. Smith removed the bottle, which contained forty (40) bags of crack cocaine.

---

2. 35 P.S. § 780-113(a)(16).

## CONCLUSIONS OF LAW

Defendant's motion argues that the evidence in this case was obtained after an unlawful pat down, thus requiring its suppression as fruit of the poisonous tree. OMNIBUS PRETRIAL MOTION at ¶14. For the reasons discussed herein, we agree with Defendant that the evidence must be suppressed.

"The Fourth Amendment to the United States Constitution and Article I, Section 8 of the Pennsylvania Constitution protect individuals against unreasonable searches and seizures." *Commonwealth v. Hudson*, 92 A.3d 1235, 1241 (Pa. Super. 2014) (citations omitted). The scope of protection provided by these constitutional provisions is well-established:

> Warrantless searches and seizures . . . are unreasonable *per se*, unless conducted pursuant to specifically established and well-delineated exceptions to the warrant requirement. *Katz v. United States*, 389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). One such exception, the *Terry* "stop and frisk," permits a police officer to briefly detain a citizen for investigatory purposes if the officer "observes unusual conduct which leads him to reasonably conclude, in light of his experience, that criminal activity may be afoot." *Commonwealth v. Fitzpatrick*, 446 Pa.Super. 87, 666 A.2d 323, 325 (1995); *Terry v. Ohio*, 392 U.S. 1, 30, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

*Commonwealth v. Simmons*, 17 A.3d 399, 403 (Pa. Super. 2011). An investigatory stop requires that the police have reasonable suspicion that criminal activity is afoot.

*Terry*, 392 U.S. at 30. Courts must analyze the totality of the circumstances to determine whether the police had reasonable suspicion. *See U.S. v. Cortez*, 449 U.S. 411, 417-18 (1981) ("Based upon that whole picture the detaining officers must have a particularized and objective basis for suspecting the particular person stopped of criminal activity"). The Commonwealth bears the burden in a suppression motion. *See* Pa.R.Crim.P. 323(h); *Simmons*, 17 A.3d at 402 (citations omitted)("Where a motion to suppress has been filed, the burden is on the Commonwealth to establish by a preponderance of the evidence that the challenged evidence is admissible").

"If, during the course of a valid investigatory stop, an officer observes unusual and suspicious conduct on the part of the individual which leads him to reasonably believe that the suspect may be armed and dangerous, the officer may conduct a pat-down of the suspect's outer garments for weapons." *Commonwealth v. E.M.*, 735 A.2d 654, 659 (Pa. 1999). "In order to establish reasonable suspicion, the police officer must articulate specific facts from which he could reasonably infer that the individual was armed and dangerous. When assessing the validity of a Terry stop, we examine the totality of the circumstances . . . giving due consideration to the reasonable inferences that the officer can draw from the facts in light of his experience, while disregarding any unparticularized suspicion or hunch." *Commonwealth v. Wilson*, 927 A.2d 279, 284 (Pa. Super. 2007) (citations omitted).

In the instant case, the Commonwealth failed to introduce any evidence with regards to the confidential source. The only evidence presented was that Criminal

Investigator Smith received information from the source on February 10, 2015. We otherwise know nothing about the source's reliability. As noted *supra*, the Commonwealth bears the burden in a suppression motion, and the omission of this information necessarily affects our analysis of the totality of the circumstances.

With this background in mind, we conclude that Criminal Investigator Smith had no reason to suspect that Defendant was carrying a weapon. The confidential source made no mention of a weapon, nor did Smith make any observation suggesting that Defendant was armed and dangerous. Smith emphasized that Daniel's Bar is a problematic establishment where crime is rampant. We do not doubt the accuracy of this characterization, but our jurisprudence does not allow pat downs without individualized suspicion premised on specific and articulable facts. There being no such justification in the instant case, we are bound to conclude that the pat down of Defendant was unconstitutional, and that all evidence seized therefrom must be suppressed.

We further note that Defendant's pill bottle was unconstitutionally seized. Our jurisprudence allows "the seizure of non-threatening contraband detected by an officer's 'plain feel' during a pat-down for weapons if the officer is lawfully in a position to detect the presence of contraband, the incriminating nature of the contraband is immediately apparent and the officer has a lawful right of access to the object." *Commonwealth v. Guillespie*, 745 A.2d 654, 657 (Pa. Super. 2000) (quoting *Commonwealth v. Fink*, 700 A.2d 447 (Pa. Super. 1997)). "[T]he plain feel doctrine is only applicable where the officer conducting

the frisk feels an object whose mass or contour makes its criminal character immediately apparent. Immediately apparent means that the officer readily perceives, without further exploration or searching, that what he is feeling is contraband." *Commonwealth v. Stevenson*, 744 A.2d 1261, 1265 (Pa. 2000) (citations omitted).

Pennsylvania courts have recognized the obvious fact that a pill bottle is not itself contraband. *See Hudson*, 92 A.3d at 1242 (noting that "a pill bottle by itself is not contraband"); *Stevenson*, 744 A.2d at 1267 (stating that a pill bottle is not "by its nature contraband"); *Guillespie*, 745 A.2d at 659 (explaining that "any innocuous small object(s) could have been contained within the pill bottles"). Accordingly, Criminal Investigator Smith lacked probable cause under the plain feel doctrine to seize the pill bottle from Defendant's pocket.

Based upon the Findings of Fact and Conclusions of Law contained herein, we believe that the Commonwealth has failed to demonstrate that the challenged evidence is admissible. Therefore, Defendant's Motion for Suppression of Evidence is GRANTED.